IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK S. FRAZIER** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 14-00756 |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA and** | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J                                                   MAY 29, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is a *motion to dismiss for failure to state a claim* filed by Defendant City of Philadelphia ("City") pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). [ECF 18]. Mark Frazier (Plaintiff), acting *pro se*, filed a response opposing the motion [ECF 24]; thus, the motion to dismiss is ripe for disposition.

For the reasons stated herein, this Court grants the motion to dismiss.

### BACKGROUND

On February 6, 2014, Plaintiff was granted leave to proceed *in forma pauperis*. [ECF 2]. Thereafter, Plaintiff filed an amended complaint [ECF 4], which referenced exhibits that were not attached. Plaintiff also filed numerous motions,[1] including a *motion to take judicial notice of*

---

[1] Motion to "Set Aside Judgment of State Actor" [ECF 5]; Motion to Appoint Federal Counsel [ECF 6]; Omnibus Motion to "Appoint Counsel, Issue Subpoenas, Appoint an Investigator, Etc." [ECF 7]; Motion to Appoint Counsel [ECF 17]; Motion to Take Judicial Notice of Factual and Evidentiary Matters in This Case [ECF 19]; Motion to Stay Proceedings [ECF 21]; Motion to Compel Discovery [ECF 22]; Motion for Partial Summary Judgment [ECF 25]; Motion to Accept Conforming Documents, which included proposed orders to previous motions [ECF 27]; Motion for Sanctions [ECF 28]; Motion to Deny Defendant's Motion [ECF 29]; Motion to Strike [ECF 30]; and a "Request to Settle State 9/13/12 Issue"

*factual and evidentiary matters in this case* which contained documents entitled "Corrections to the Amended Complaint" and "Corrections to the Supplemental Complaint" [ECF 19], as well as additional allegations and exhibits. This Court construes this motion as one meant to be a second amended complaint, *albeit* filed without seeking either Defendant City's consent or leave of court pursuant to Rule 15(a)(2).[2]

When considering Plaintiff's numerous filings and what this Court has construed as Plaintiff's second amended complaint, Plaintiff appears to implicate, *inter alia*, 42 U.S.C. §1983, in his various causes of action and claims for relief, which Defendant City moves to dismiss. In ruling on Defendant City's motion to dismiss, this Court must accept, as true, the relevant factual allegations in Plaintiff's second amended complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). However, Plaintiff's pleadings are devoid of any factual allegations; instead the amended complaint contains conclusory statements in the two counts, summarized as follows:

> *Count I against Defendant City*. Plaintiff asserts claims for violation of his Fourth Amendment rights to be free from: numerous false and misleading charges and information, harassment by agents of the Police department, unlawful arrest, unlawful seizures of personal property, and tampering with his bank account, debit card, and finances. *See* ECF 4, Sec. 1, ¶¶1-7; ECF 19, Sec. 1, ¶¶1-7; and

> *Count II against Commonwealth of Pennsylvania ("Commonwealth")*. Plaintiff asserts claims of wrongful disposal of personal property, an unsolicited offer of Jack Daniels in public, retaliation, a wrongful eviction[3] for contributing to damage of personal property in connection with a pending Municipal Court of Philadelphia County criminal case, identified as docket MC-51-CR-0048592-2013,[4] and for the loss of copyrighted software projects. *See* ECF 4, Sec. 2, ¶¶1-12; ECF 19, Sec. 1, ¶¶1-11.

---

[ECF 16], stemming from a Municipal Court of Philadelphia County action against Frazier, MC-51-SU-0011487-2012, which was dismissed on September 13, 2012.
[2] This rule provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).
[3] The Municipal Court of Philadelphia County action, docketed at MC-51-SU-0011487-2012, was eventually dismissed on September 13, 2012.
[4] A bench warrant was issued on February 21, 2014, for Frazier's failure to appear in court for trial.

**STANDARD OF REVIEW**

As stated, when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Pleadings and other submissions by *pro se* litigants are subject to liberal construction, *see Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), and courts are required to accept the truth of Plaintiff's well-pleaded allegations while drawing reasonable inferences in his favor. *Wallace v. Fegan*, 455 Fed. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)). However, a *pro se* complaint must

3

still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

In its motion to dismiss, Defendant City argues that Plaintiff fails to plead sufficient facts to establish entitlement to relief for any constitutional violations or for any violation of municipal policy or custom under 42 U.S.C. §1983, and that Plaintiff's claims, if viable, are time-barred.

The statute of limitations may be a defense by way of a motion to dismiss under Rule 12(b)(6) if the statute's application is apparent on the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002);[5] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994). It is well-settled that the statute of limitations period for a §1983 civil rights action is the same statutory limitations period for personal injury torts in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). According to Plaintiff's pleadings, the events complained of appear to have occurred in Philadelphia, Pennsylvania. Thus, Pennsylvania's two-year statute of limitations governing personal injury claims applies to Plaintiff's claims. 42 Pa. C.S. §5524;[6] *Kach*, 589 F.3d at 634; *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).

Determining when a federal cause of action accrues is a matter governed by federal law. *Wallace*, 549 U.S. at 388. Under federal law, a cause of action accrues and the statute of limitations begins to run, as soon as a plaintiff either is aware or should be aware of the existence

---

[5] "The law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citing *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

[6] Section 5524(3) provides that an action for taking, detaining or injuring personal property, including actions for specific recovery thereof must be commenced within two years. 42 Pa.C.S. §5524(3).

of an injury. *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Generally, a cause of action accrues and the statute of limitations begins to run when "the final significant event necessary to make the claim suable" occurs. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985).

Fourth Amendment claims of false imprisonment are similar to those for false arrest as these are both "grounded in the Fourth Amendment guarantee against unreasonable seizures." *Gorman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citations omitted). An arrest lacking probable cause, in violation of the Fourth Amendment, provides a plaintiff a claim under §1983 for false imprisonment based upon the detention made pursuant to the illegal arrest. *Id.* at 636 (citation omitted). The statute of limitations for the alleged false imprisonment begins to run when the false imprisonment ends, *i.e.*, when the individual becomes detained pursuant to legal process or when released. *See Wallace*, 549 U.S. at 397; *see also Woodward v. Gillespie*, 1994 WL 561916, at *5 (E.D. Pa. Oct. 14, 1994) (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989)); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

Although the pleadings, as they relate to Defendant City, do not indicate when Plaintiff was arrested or formally arraigned for any crime, the amended complaints contain an averment that:

> [O]n 11/2/11 [he was] psychologically shaken [and] inadvertently left his flash drive in defendant facility lab computer. After realizing this, plaintiff then went back to the lab and told the supervisor. Though plaintiff told him about the illegal arrest and subsequent illegal taking of his laptop they still did not investigate the matter.

ECF 4, Sec. 1, ¶5; ECF 19, Sec. 1, ¶5.

From this vague and convoluted allegation, Plaintiff may have been detained on or prior to November 2, 2011. If this assumption is correct, Plaintiff had until November 2, 2013, to bring this action. Plaintiff filed this matter in February 2014, beyond the statute of limitations.

Plaintiff, however, asserts that he has "complaints stemming from 7/24/11 to present" so that this action is not time-barred. The *continuing violations* doctrine on which Plaintiff ostensibly relies provides, in part: "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time[-]barred." *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001) (quoting *Brenner v. Local 514, United Bhd. Of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)). Unfortunately, Plaintiff's (first or second) amended complaints lack sufficient, well-pleaded facts to permit this Court to accept this argument. Plaintiff's pleadings are a mixture of rambling allegations and conclusory statements regarding Defendant City's breach of undefined and/or unspecified behavior, policy, custom, or practice; breaches that occurred at some unknown time in the past and which allegedly continue "to present". In the absence of more specific allegations, Plaintiff has failed to meet the pleading requirements set forth in *Iqbal, Twombly,* and Rule 8.

Defendant City also contends that the allegations in Plaintiff's amended complaints lack reference to what specific policy, custom, or practice was breached. Municipal liability under §1983 (a *Monell* claim) arises if a plaintiff demonstrates that the "'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Woodyard v. County of Essex*, 514 Fed. App'x 177, 181 (3d Cir. 2013); *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)

(quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978)). A municipal policy encompasses a "statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001) (quoting *Monell*, 436 U.S. at 690). A custom, on the other hand, need not have received formal approval through official decision-making channels, *Monell*, 436 U.S. at 690-91, but it "must have the force of law by virtue of the persistent practices" of municipal officials. *Brown*, 269 F.3d at 215 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167 (1970)). Further, a municipality cannot be constitutionally liable under the doctrine of *respondeat superior* for acts of its employees. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Construing Plaintiff's claims against Defendant City liberally, the allegations in the amended complaint fail to aver sufficient facts to state a claim for relief that is plausible on its face or sufficient to raise a right of relief above the speculative level that constitutional violations were committed by Defendant City and, therefore, relief should be granted. Instead, Plaintiff focuses on alleged wrongful arrests, the seizure of his laptop, and the misuse of debit card information, without any factual support. Plaintiff's pleadings do not give Defendant City any fair notice of what the claims are or the grounds upon which these claims rise. *See Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 698-99; *see also* Rule 8. Thus, finding no plausible claim is asserted against Defendant City, the motion to dismiss is granted.

*Claims Against the Commonwealth of Pennsylvania*

Plaintiff made similarly vague allegations against the Commonwealth of Pennsylvania. Likewise, these averments lack the requisite factual specificity to state a claim that is plausible on its face and for which relief may be granted. Accordingly, for the reasons stated, this Court

dismisses, *sua sponte*, Plaintiff's claims against the Commonwealth of Pennsylvania pursuant to 28 U.S.C. §1915(e)(2)(B).[7, 8]

## CONCLUSION

For the reasons stated, this Court grants the Defendant City's motion to dismiss and *sua sponte* dismisses the claims against the Commonwealth of Pennsylvania. Plaintiff is granted leave to amend his complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order consistent with this memorandum opinion follows.

*Nitza I. Quiñones Alejandro, J., U.S.D.J.*

---

[7] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).

[8] To the extent that Plaintiff intended to sue the "state actor who presided over the 9/13/12 proceeding" docketed at MC-51-SU-0011487-2012 (ECF 4, Sec. 2, ¶4; ECF 19, Sec. 2, ¶4), said state actor is insulated by both absolute and statutory judicial immunity. *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). *See also Wallace v. Fegan*, 455 Fed. App'x 137, 139 (3d Cir. 2011) (while "immunity, whether qualified or absolute, is an affirmative defense which must be affirmatively pleaded," the District Court did not err in raising it *sua sponte*, as the defect was apparent from the face of the complaint.) (citations omitted).