IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK S. FRAZIER** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 14-0756** |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA and** | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J                                                                              MARCH 24, 2015

# MEMORANDUM OPINION

## INTRODUCTION

Mark S. Frazier ("Plaintiff"), proceeding *pro se*, has filed three motions under Federal Rule of Civil Procedure (Rule) 60(b) in which he argues entitlement to relief from judgment entered on September 4, 2014, dismissing this action with prejudice, and requests that counsel for Defendant City of Philadelphia ("Defendant") be disqualified for "misrepresentation through misconduct." [ECF 56, 57, 61]. Defendant has filed a response in opposition, [ECF 60], and Plaintiff has filed a reply. [ECF 63].

This matter has been fully briefed and is ripe for disposition. For the reasons stated herein, Plaintiff's motions are denied.

## BACKGROUND

By Order dated May 29, 2014, Plaintiff's amended complaint was dismissed pursuant to Rule 12(b)(6), without prejudice to filing a second amended complaint within 20 days.[1] [ECF 32]. On June 30, 2014, Plaintiff filed a *"motion to modify 5/29/14 Order,"* contending that he

---

[1] Plaintiff filed his initial complaint on February 4, 2014, as part of his petition to proceed in *forma pauperis*. By Order dated February 6, 2014, the petition was granted and the complaint dismissed without prejudice to refiling an amended complaint within 20 days. On February 6, 2014, Plaintiff filed a "complaint" and on February 21, 2014, filed an amended complaint.

was unaware of the May 29, 2014 Order, and requested relief. [ECF 44]. On July 2, 2014, Plaintiff's motion was granted, and he was given leave to file a second amended complaint. [ECF 47]. The second amended complaint, [ECF 48], essentially reiterated the allegations made in the previous complaints and added other assertions, none of which cured the factual and legal deficiencies noted in the May 29, 2014 Memorandum Opinion.[2] [ECF 31]. On August 11, 2014, Defendant filed a Rule 12(b)(6) motion to dismiss the second amended complaint for failure to state a claim upon which relief can be granted. [ECF 53]. On September 4, 2014, this Court dismissed, *with prejudice*, Plaintiff's second amended complaint. [ECF 54]. By Order dated September 5, 2014, all outstanding motions were denied, as moot, and the Clerk of Court was directed to close this case. [ECF 55].

Five months later, on February 20, 2015, Plaintiff filed a *"motion to disqualify defense counsel"* pursuant to Rule 60(b)(3), [ECF 56], and a *"motion for relief from judgment,"* citing Rule 60(b), [ECF 57], which essentially repeats the same arguments made in the motion to disqualify defense counsel. On March 2, 2015, Defendant filed a response in opposition to Plaintiff's *"motion for relief from judgment."* [ECF 60]. On March 17, 2015, Plaintiff filed a third motion essentially repeating the arguments made in the two previous motions, and also seeking a declaratory judgment order with regard to an underlying municipal court action. [ECF 61]. On March 19, 2015, Plaintiff filed a reply to Defendant's response. [ECF 63].

**STANDARD OF REVIEW**

Rule 60(b) provides grounds for relief from a judgment, an order, or other part of the record. However, in order to prevail on a Rule 60(b) motion, the moving party must establish mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or other

---

[2] The claims against the Commonwealth of Pennsylvania were also dismissed, *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2)(B).

misconduct; that the judgment is void; that the judgment was satisfied; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). To prevail under Rule 60(b)(3) specifically, the movant must establish that (1) the adverse party engaged in fraud or other misconduct, and (2) this conduct prevented the moving party from fully and fairly presenting his case. *Hennis v. Varner*, 544 F.App'x 43, 46 (3d Cir. 2013) (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 206-207 (3d Cir. 1983) (quotation marks omitted)). To meet this burden, the evidence must be clear and convincing. *Floorgraphics Inc. v. News America Marketing In-Store Services, Inc.*, 434 F.App'x 109, 111 (3d Cir. 2011) (quoting *Brown v. Pennsylvania Railroad Company*, 282 F.2d 522, 527 (3d Cir. 1960)). A Rule 60(b)(3) motion must be filed no more than one year after the entry of the court's order. Fed. R. Civ. P. 60(c)(1). Plaintiff's motions are timely filed.

**DISCUSSION**

In his three nearly identical motions, Plaintiff essentially argues that he was "blindsided" by defense counsel who, by allegedly manipulating and changing the nature of Plaintiff's case from that of a copyright matter to a 42 U.S.C. §1983 action, committed fraud and misconduct. For this alleged misconduct, Plaintiff requests that sanctions be imposed upon defense counsel and attorney's fees awarded. Further, Plaintiff attributes the dismissal of his second amended complaint to his legal inexperience and claims that "newly emerged information and evidence" warrants the relief sought under Rule 60(b). In response, Defendant argues that Plaintiff has not set forth any convincing argument to invalidate the Order which dismissed this matter with prejudice. This Court agrees.

This Court is mindful of its obligation to construe a *pro se* litigant's pleadings liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 n. 1 (3d Cir. 2009); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

3

Here, Plaintiff contends that the relief sought under Rule 60(b) should be granted and judgment vacated because defense counsel committed fraud and misconduct. Plaintiff cites to statements, taken from various court filings, as evidence of defense counsel's misconduct that harassed and maliciously injured Plaintiff; *to wit*:

1) "plaintiff appeared to be filing a 42 U.S.C. §1983 action;"[3]

2) "*pro se* complaint is completely devoid of any factual allegations relating to the City;"[4]

3) "plaintiff's claims are time barred, untimely . . . ;"[5]

4) "she", is entitled to judgment as a matter of law;"[6]

5) "recently filed a nonsensical . . . ;"[7] and

6) "while adding nine additional paragraphs of allegations which simply make no sense."[8]

Notably, these statements are part of responsive pleadings submitted and are proper advocacy arguments. *See e.g., Binder v. Triangle Publications, Inc.*, 275 A.2d 53, 56 (Pa. 1971) ("All communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse . . . Thus, statements by a party, a witness, counsel, or a judge cannot be the basis of a defamation action whether they occur in the pleadings or in open court.").

---

[3] Defendant City's Memorandum Law in Support of Defendant's Motion to Dismiss for Failure to State a Claim, [ECF 18]; Defendant City's Memorandum Law in Opposition to Plaintiff's Motion to File a Second Amended Complaint. [ECF 20].
[4] Defendant City's Memorandum Law in Support of Defendant's Motion to Dismiss for Failure to State a Claim. [ECF 18].
[5] *Id*.
[6] Defendant City's Memorandum Law in Opposition to Plaintiff's Motion for Partial Summary Judgment. [ECF 26].
[7] Defendant City's Memorandum Law in Opposition to Plaintiff's Motion to File a Second Amended Complaint. [ECF 20].
[8] Defendant City's Memorandum Law in Support of Defendant's Motion to Dismiss for Failure to State a Claim. [ECF 53].

Notwithstanding, Plaintiff contends that this matter is a copyright matter. With respect to the first and third statements above-cited, Plaintiff argues that defense counsel misrepresented to this Court that Plaintiff's complaint asserts claims under §1983, which has a shorter statute of limitations period than the copyright claim; and that by this misrepresentation and the failure to conduct legal or factual research, defense counsel's actions fell below the professional standard of care for an attorney.

However, a liberal, *albeit* strained, reading of Plaintiff's numerous filings and the second amended complaint fails to reveal claims that have anything to do with copyright law. Instead, as noted in this Court's May 29, 2014 Memorandum Opinion, Plaintiff's second amended complaint set forth claims of alleged violation of Plaintiff's Fourth Amendment rights to be free from: numerous false and misleading charges and information, harassment by agents of the Philadelphia Police Department, unlawful arrest, unlawful seizures of personal property, and tampering with his bank account, debit card, and finances.[9] In light of these averments, defense counsel did not breach the standard of care nor was he mistaken in characterizing Plaintiff's cause of action as §1983 claims. Further, the record is devoid of any evidence to support Plaintiff's contention that defense counsel "manipulated" Plaintiff's "copyright" claims into §1983 claims to obtain an Order dismissing this matter based on Plaintiff's failure to properly allege said claims.

Plaintiff further argues that the second, fifth, and sixth statements are fraudulent because these statements placed Plaintiff in "difficult and wrongful circumstances." Without attempting to guess what Plaintiff means, this Court finds no merit to this line of reasoning as the statements were arguments made in opposition to Plaintiff's filings, and are averments frequently made in the course of legal advocacy. In fact, the second statement is a direct quotation from relevant

---

[9] *See* ECF 4, Sec. 1, ¶¶1-7; ECF 19, Sec. 1, ¶¶1-7; ECF 48, Sec. 1, ¶¶1- 10.

5

case law. *See Butler v. City of Phila.*, 2013 WL 5842709, at *2, slip op. (E.D. Pa. Oct. 31, 2013) (granting motion to dismiss City of Philadelphia because *pro se* complaint "is completely devoid of any factual allegations relating to the City or any policy, practice or custom that caused the alleged [ ] deprivation of his constitutional rights."). In addition, statement four, most likely a typographical error, has no bearing on the outcome of this matter and, further, does not provide grounds for vacating a judgment.

Lastly, Plaintiff argues that "newly emerged information and evidence" warrants the requested relief; *to wit*: he recently obtained access to more up-to-date law materials and, thus, "learned of his responsibility to plead facts sufficient to show that his cause of action lies outside the breadth of any applicable statutory immunity or to justify the application of an exception to governmental immunity." While the information contained in previously unavailable legal materials may be "newly emerged information and evidence" to Plaintiff, this information provides no grounds for the relief sought under Rule 60(b). The fact pleading standards, as cited in Defendant's motions to dismiss and responsive pleadings and by this Court, have existed throughout this litigation. As noted, Plaintiff has been given several opportunities to amend his pleadings. As a *pro se* litigant, Plaintiff is expected to know and follow the rules of civil procedure. *See McKinney v. Guthrie*, 309 F.App'x 586, 590 (3d Cir. 2009) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Plaintiff's failure to do so was not caused by anything Defendant or its counsel did or did not do. Neither one's conduct prevented Plaintiff from fully and fairly presenting his case. Under the circumstances, Rule 60(b) relief is not merited. Thus, in finding no basis to grant Plaintiff's requests for relief, sanctions against defense counsel are clearly not warranted.

Finally, this Court has no jurisdiction over Plaintiff's underlying municipal court matter and must decline to take any action. This Court's opinion is supported by the Third Circuit Court of Appeals which has held that a federal district court may not exercise jurisdiction over a municipal court proceeding. *See Ali v. Tucker*, 2013 WL 1858785, at *10 (E.D. Pa. Apr. 10, 2013), *report and recommendation adopted,* 2013 WL 1858776 (E.D. Pa. May 2, 2013); *Janciga v. Vora,* 257 F.App'x 530, 530–531 (3d Cir. 2007) (dismissing appeal for a claim concerning a traffic citation); *Pa. v. Vora,* 204 F.App'x 134, 136 (3d Cir. 2006) (holding that a federal district court does not have jurisdiction over a state traffic court matter). Thus, it follows that proper procedure dictates review through the state appellate process, not the federal system. *E.B. v. Verniero,* 119 F.3d 1077, 1090 (3d Cir. 1997) (barring federal district court from reviewing lower state court decision under *Rooker-Feldman* doctrine).

**CONCLUSION**

For the reasons stated herein, Plaintiff's Rule 60(b) motions for relief are denied. An appropriate Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C., J.